CHARLES G. RICHARDSON versus CHARLES COOPER.

It is competent to the parties to a written contract, by a parol agreement, made afterwards, to substitute a mode different from that contained therein, for the discharge of its obligations. And proof of the fulfilment of such parol agreement will be a defence to a suit brought upon the original contract.

But the mere agreement to change the written contract in this respect, when some act is to be done to carry the arrangement into effect, is insufficient; unless performance of the substituted agreement has been prevented by the party attempting to enforce the obligation of the written contract.

ASSUMPSIT. The plaintiff read in evidence a contract, of which a copy follows : —

"I hereby agree with Charles G. Richardson, for value received, to pay and take up of the land agent of Maine, four notes of hand signed by Ivory Jefferds, dated Dec. 10, 1834, for forty-six $\frac{53}{100}$ dollars each, amounting in all at compound interest, on the twenty-fifth of September next, to the sum of two hundred and forty-four $\frac{36}{100}$ dollars, and I hereby agree to take up said notes on or before said time. The notes when paid by me to be an offset to this obligation, and the obligation is binding upon me for the said sums, viz. $244,36, due Sept. 25, next, if I fail to pay said notes.

"Bangor, May 25, 1839.            "Charles Cooper."

The defendant called Ivory Jefferds, who was objected to on the ground of interest, and admitted subject to objection. The facts on which the objection rests appear in his testimony. Jefferds testified, that in the summer of 1841, he was owing the defendant a note dated Sept. 26, 1840, for $331,87, payable on demand with interest; and had a claim of $356,69, against the estate of the plaintiff's father, of which estate the plaintiff was administrator; that some time during that summer, the plaintiff, defendant and witness met on Exchange street, in Bangor, near defendant's store, and it was then and there agreed between the parties, that plaintiff should take the note defendant held against witness, and give up the defendant's obligation to defendant; to which arrangement the witness assented; that the papers were not exchanged at the

time, because plaintiff said he had not the obligation with him; that previous to this he had talked with each of the parties separately on this subject, and had made an arrangement with defendant, for him to give up the said note which he held against witness to plaintiff, and take up his said obligation to plaintiff; and had made an arrangement with plaintiff, that plaintiff should take his note, as aforesaid, and give it up to witness for his claim against said estate; and that witness had never been called on by defendant to pay said note since, nor has he paid any thing on it.

On cross-examination the witness stated, that the papers had never in fact been exchanged, and nothing farther had been done in this matter.

The cause was then taken from the jury by consent, and continued on report. If upon the foregoing statement the whole Court shall be of opinion that the action is maintainable upon the evidence presented, the defendant is to be defaulted, otherwise the plaintiff is to become nonsuit.

The Court are at liberty to draw such inferences from the facts, as a jury would be authorized to do.

*S. W. Robinson* argued for the plaintiff, citing 14 Pick. 315; 19 Pick. 278; 3 Metc. 486.

*Rowe,* for the defendant, in his argument, cited 2 B. & Ald. 228; 3 T. R. 163; 19 Pick. 490; 3 B. & Ado. 328; Com. Dig. Accord, B 4.

The opinion of the Court was drawn up by

TENNEY J.—It appears from the testimony of Ivory Jefferds, called by the defendant, that in the summer of 1841, there being due upon the obligation in suit the sum of $446,36 and interest, in pursuance of an understanding between the witness and each party, it was agreed by them, all being together, that in consideration, that the claim, which the witness held against the estate of the plaintiff's father, of which estate the plaintiff was administrator, should be canceled, being for $356,69, and the defendant would give up to the witness a note, which he held amounting to $331,87, this obligation was

to be surrendered to the defendant; that the reason, that the papers were not exchanged was because the plaintiff had not with him, the obligation of the defendant.

Jefferds, offered by the defendant as a witness, was objected to, for incompetency, on the ground of interest. If the agreement testified to by the witness, had been carried into effect, his debt to the defendant, and his claim against the estate represented by the plaintiff, would have been paid; otherwise, they are both outstanding. The witness' demand against the estate being larger than his indebtedness to the defendant, the success of the plaintiff will be more for the advantage of the witness, than that of the defendant.

Is the verbal agreement made by the parties and the witness a defence to this action? It is competent for the parties to a written contract, by a parol agreement made afterwards, to substitute a mode different from that contained therein, for the discharge of its obligations; and proof of the fulfilment of such parol agreement will be a defence to a suit brought upon the original contract; such will be binding as accord and satisfaction. But the mere agreement to change the written contract in this respect, when some act is to be done, to carry the new arrangement into effect, is insufficient, unless performance of the substituted agreement has been prevented by the party attempting to enforce the obligations of the written contract. The party relying upon the oral agreement, is bound to prove that it was made, and that it has been performed; or that he has done whatever was necessary for him to do, to carry it into execution. *Cummings & al.* v. *Arnold & al.* 3 Metc. 491.

In the case at bar, it was agreed by the parties and the witness, that an exchange of their several claims should be made, which if made would have been a discharge of the contract declared on; but this contract not being present at the time of the agreement, the exchange did not take place. Something farther was to be done, to make this oral agreement effectual; it was executory; until executed all former liabilities remained. The plaintiff did not engage to meet the other parties and surrender the written contract, or to do any thing in execution of

the new agreement; he omitted the performance of no duty, which he had undertaken. Whichever of the parties to the substituted agreement wished it carried into effect, could have moved therein. Neither of them did so. The contract originally existing continued unchanged. If the defendant had desired its discharge, he could, within a reasonable time, after the agreement to vary the manner of payment, have surrendered to Jefferds his note, obtained a discharge of the claim, which he held against the estate, of which the plaintiff was administrator, tendered it to the plaintiff, and thereupon have demanded his own contract; not having attempted this, the relation of the parties, as it was under the original contract, continued. The case cited from the 3 Term R. 163, is distinguishable from the one before us. The agreement substituted in that case was executed; one's indebtedness was absolutely discharged, and a new debt created against another. According to the agreement of the parties

*A default must be entered.*