# TROWBRIDGE, DWIGHT & CO. *vs.* PINCKARD'S ADMINISTRATOR.

[CONTEST AMONG CREDITORS OF INSOLVENT ESTATE.]

1. *Sufficiency of affidavit verifying claim.*—The affidavit of the claimants' book-keeper, to the effect that he had entered on the books a bill of goods purchased by the decedent in his lifetime, and that the decedent's note for the amount of the bill is justly due and owing, and that no part thereof has been paid, is a sufficient verification of a claim against an insolvent estate.

APPEAL from the Probate Court of Sumter.

IN the matter of the estate of John M. Pinckard, deceased, which was declared insolvent by said probate court, (but at what time the record does not show,) and against which a claim was filed by the appellants, within the time allowed by the statute. This claim consisted of a promissory note for $848 52, dated New York, March 13, 1854, payable twelve months after date, and signed by said Pinckard; together with a certificate of protest for nonpayment, and the affidavit of one F. P. Wichman, in these words: "I, F. P. Wichman, of the city of New York, hereby certify, that I am, and was on the 13th March, 1854, in the employ of Trowbridge, Dwight & Co., of New York, in the capacity of book-keeper; that on

that day I entered to John M. Pinckard a bill of goods purchased by him from said firm; and that the note for $848 52, dated 13th March, 1854, at twelve months thereafter, is justly due and owing to said firm; and that no part thereof has been paid, either by said J. M. Pinckard, now deceased, or by any other person for his account." The probate court rejected this claim, on account (*inter alia*) of the insufficiency of the affidavit by which it was verified; and this ruling, to which an exception was reserved, is now assigned as error.

TURNER REAVIS, for the appellants.

A. A. COLEMAN, *contra.*

STONE, J.—The language of the witness by whom the claim was verified, is positive. His affidavit cannot be true, unless he "knows the correctness of the claim, and that the same is due." We think it complies with the statute.—Code, § 1847.

The decree of the probate court is reversed, and the cause remanded.