## BELL'S ADM'R *vs.* ANDREWS.

[ACTION ON OPEN ACCOUNT—PLEA OF SET-OFF.]

1. *Construction of bill of exceptions.*—In an action brought by an administrator, a recital in the plaintiff's bill of exceptions, which purports to set out all the evidence, that "the plaintiff proved his demand as administrator," is sufficient to show that he read in evidence his letters of administration.

2. *Failure to file claim against insolvent estate.*—A claim against an insolvent estate, which has not been filed within the time required by law, is not available as a set-off in an action brought by the administrator.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. NAT. COOK.

THIS action was brought by the administrator of John A. Bell, deceased, against Warren B. Andrews, to recover the sum of ninety-two 23-100 dollars alleged to be due by open account, and also on an 'account stated, "for work and labor done by plaintiff for defendant, and for board and lodging furnished by plaintiff to defendant, at defendant's special instance and request." The defendant pleaded, in short by consent, *ne unques administrator, non assumpsit,* payment, and set-off. "On the trial," the bill of exceptions states, "the plaintiff proved his demand as administrator, and closed. The defendant then proved, that plaintiff's intestate, at the time of his death, was indebted to him in a sum larger than the amount proved by the plaintiff. The plaintiff objected to the introduction of this evidence, on the ground that the estate of his intestate had been duly and regularly declared insolvent on the 12th October, 1857, (which was admitted;) and that neither the defendant, nor any one else for him, had filed said demand as a claim against said estate, verified by affidavit, as required by section 1847 of the Code, within nine months after the declaration of insolvency. The court overruled this objection, and the plaintiff excepted. This being all the testimony, the court then charged the jury, that if they believed the evidence, they must find for the defendant, to which charge also the plaintiff excepted." These two rulings of the court are now assigned as error.

J. D. F. WILLIAMS, for appellant.

GEO. W. GAYLE, *contra.*

STONE, J.—It is contended for appellee, that the judgment in this case must be affirmed, because he had, by his plea, put in issue the question whether the plaintiff was the administrator of John A. Bell; and that the bill of exceptions, which sets out all the evidence, does not show that he was such administrator. The argument is, that the court rightly instructed the jury, if they believed the evidence, to find for the defendant, because a link, indispensable to plaintiff's chain of evidence, was wanting. Without mentioning any other, there is one com-

plete answer to this argument. The bill of exceptions does not assume to set out the plaintiff's evidence in detail. No question seems to have been made in the court below on its admissibility. The statement in regard to the plaintiff's evidence is, "the plaintiff proved his demand as administrator." This recital is true, if the plaintiff had proved a contract made, or account stated, with him as administrator; or if he proved an indebtedness to John A. Bell, and that he, the plaintiff, was administrator of Bell. It is not true, if the proof only showed an indebtedness to the decedent, and failed to show that plaintiff was his legal representative. Under the rule which accords verity to the record, (see Deslonde v. Darrington, and citations, 29 Ala. 92,) this objection must be overruled. See, also, Trowbridge, Dwight & Co. v. Pinckard, 31 Ala. 424.

[2.] The estate of plaintiff's intestate had been declared insolvent, for more than nine months, and the claim which the defendant sought to set off had not been filed in the office of the judge of probate.—Code, § 1847. It is contended for appellant, that the claim was barred, and should not have been received to defeat his recovery. In Murdock v. Rousseau's Adm'r, 32 Ala. 611, we held, that a claim against an insolvent estate, which was not filed within nine months after the declaration of insolvency, was *barred* as a demand against the estate. We adhere to that opinion, and hold, that the claim offered as a set-off, if the facts be correctly set forth in this record, was not a subsisting demand.—See Puryear v. Puryear, at the present term.

Reversed and remanded.