## DAVID BROWN *versus* ISAAC P. HAYNES.

Where the plaintiff made a conditional sale of a pair of oxen in February, for $120, to be paid for in September following, "the oxen to remain the property of the plaintiff until paid for;" and the vendee thereafterwards sent to the plaintiff $60 in part payment, and then sold the oxen to the defendant, who converted them to his own use; — *Held*; that, in trover for the value of the cattle, the measure of damages was the value of them at the time and place of conversion, with interest from that date, without any deduction for the partial payment. ·

ON EXCEPTIONS from *Nisi Prius*, APPLETON, C. J., presiding.

TROVER.

The plaintiff testified:—"The cattle were mine. I had them in use of one Williams in the woods; one Chatterly was teamster. Chatterly asked me if I would sell the cattle and take orders on Black, Brothers. I told him I would for the sum of $120 and interest. This was in February. The next I heard, Chatterly had taken the oxen to his home.

"In May, his father came up and paid me from his son, $60 towards the cattle. I told the father they might keep the cattle till September following; then, if they did not pay for them, I should go and take the oxen, and that the oxen shall be mine until paid for.

"Chatterly sold the cattle to the defendant between May and September. After September, I demanded them of the defendant and he refused to deliver them."

The presiding Judge instructed the jury that, if they found for the plaintiff, he would be entitled to recover the value of the oxen at the time and place of conversion, with interest from such time, without any deduction for the partial payment of $60.

The verdict was for the plaintiff, for the full value of the oxen, and the defendant excepted.

*J. A. Peters*, for the defendant, contended,—

The rule of law as to the damages, if correct, is unjust. Defendant is perfectly responsible—and, although plaintiff has been more than half paid by one quarter, he is allowed to recover the whole value over again. The law should avoid this if possible.

But Brown, by his own statements, was only to have a lien till *paid for*. There was to be *no forfeiture*. Now if Brown collects $120 when his lien is but $60, he must pay over the $60 to whom? why, to defendant. Because, when Brown's lien is paid, the balance in the cattle belongs to defendant. Then he should recover of defendant only the amount of that lien.

If Brown's suit had been against a stranger to the title, the rule was given right; but, as against the vendee of

Brown's vendee, the rule is wrong. 20 Conn., 204; 2 Cush., 237.

The plaintiff relies on 1 Gray, 621. I doubt that case. The Court had not in mind the distinction raised in the cases before cited.

That case differs from this.

1. Court say that was not *a sale*, but an *agreement to sell.* Here was a sale with a condition — a conditional sale.

2. In that case the Court evidently regarded a *forfeiture;* that all right of vendee was gone; the case finds " no evidence was given of a waiver of the non-payment."

But here there was no forfeiture, on plaintiff's own story. The title was to be plaintiff's *till paid for; whenever* paid for; and he could never get more than his pay.

For a little matter, this rule operates as unjustly and inequitably as possible.

*S. W. Matthews*, for the plaintiff.

The opinion of the Court was drawn by

APPLETON, C. J. —It is not questioned that the sale by the plaintiff to one Chatterly, under whom the defendant derives his title, was made on condition. The cattle sold were to remain the property of the plaintiff " until paid for." No payment having been made within the time in which, by the agreement of parties, it was to have been made, no title vested in Chatterly. It was his fault or neglect that it did not so vest.

A sale and delivery of goods on condition that the title shall not vest in the vendee until payment of the price, passes no title until the condition is performed; and the vender, if guilty of no laches, may reclaim the property, even from one who has purchased from his vendee. *Coggel* v. *Hartford & N. H. R. R. Co.*, 3 Gray, 544. By the very terms of the contract, the entire payment of the purchase money is a condition precedent to the vesting of the title.

The condition upon which the title was to vest in the purchaser not having been performed, the plaintiff had a right to resume the possession of the property conditionally sold. He might sell the same and the purchaser would acquire a perfect title. The oxen might be attached as his, and the attachment would be held valid. The plaintiff might replevy them from any person in whose possession they might be found. The condition being unperformed, the title of the conditional vendor was as perfect as if there had never been a sale. Replevin would lie for the oxen equally as trover for their value.

The measure of damages in trover, is the value of the property converted at the time and place of conversion, with interest from that date. Brown, then, having never parted with his title, is entitled to recover the full value of his property. It is as much his as any property he may own. His rights are not impaired by an attempt on the part of some one to purchase on conditions, which have never been complied with. The measure of damage is the whole value of the property conditionally sold. *Angier* v. *Taunton Paper Manuf. Co.*, 1 Gray, 621. When personal property is sold, upon condition that the title shall not vest in the vendee, unless he pay the price agreed upon by a specified time, the vendee has no attachable interest in the property or its increase, until performance of the condition. If, after the time for payment of the price has elapsed, the price not being paid, a creditor of the vendee attach the property, he cannot defeat the vendor's right to sustain an action of trover against him for the property, by tendering him the amount which the vendee agreed to pay and the interest thereon. *Buckmaster* v. *Smith*, 22 Vt., 203. The plaintiff is entitled to recover the full value. *Smith* v. *Foster*, 18 Vt., 182.

If the plaintiff had resumed possession of the oxen for non-performance of the conditions of their sale, he would have been under no legal obligation to repay the sums received in part payment. The purchaser, failing to perform

his agreement, derives no benefit from a partial performance of his contract, nor can he confer any by reason thereof. The same principles are applicable as in case of a bond for the sale of real estate, where there is no compliance on the part of the purchaser with the terms of the sale, and the seller resumes possession on account of such non-compliance. *Rounds* v. *Baxter*, 4 Greenl., 454.

The numerous cases to be found in the Reports do not sustain the propositions which the defendant's counsel seeks to establish. In *Pierce* v. *Benjamin*, 14 Pick., 357, MORTON, J., says, "the general rule of damages in actions of trover is unquestionably *the value of the property taken*, at the time of its conversion. But there are exceptions and qualifications of this rule, as plain and well established as the rule itself. Whenever the property is returned, and received by the plaintiff, the rule does not apply. And when the property itself has been sold and the proceeds applied to the payment of the plaintiff's debt, or otherwise to his use, the reason of the rule ceases and justice forbids its application." But the defendant, upon the principles of this decision, is liable for the value of the property converted, for his case is not within the exceptions or qualifications of the rule.

In *Chamberlain* v. *Shaw*, 18 Pick., 279, SHAW, C. J., remarks as follows :—"In an action of trover, though the plaintiff's possession has been violated, he waives all claims to damages on account of that violation, and seeks an indemnity only for the loss of his property. Hence it is, that *the value of the property at the time of conversion* is *prima facie* the measure of damages. Now, if the case is so situated that the plaintiff can be indemnified by a sum of money less than the full value, there seems to be no reason why it should not be done, *as* where the plaintiff has a *special* property subject to which the defendant is entitled to the goods. For instance, a factor has a lien on goods to half their value. The principal becomes bankrupt and the property vests in his assignees, subject, of course, to all legal

liens.  The assignees, denying and intending to contest the
factor's lien, get possession of the goods and convert them.
The factor brings trover.  How shall damages be assessed?"
The Court held the plaintiff was only entitled to damages
to the extent of his lien.  But, in the case at bar, the de-
fendant had no title to the property.  He had no lien upon
it or interest in it, and, as to the plaintiff, was a mere stran-
ger.

In *Fowler* v. *Gilman*, 13 Met., 267, SHAW, C. J., says :
" The true general rule of damages in trover is the value of
the goods at the time of conversion, with interest.  This
rule applies when the plaintiff, is the general owner, or is
answerable over to others.  But when the plaintiff admits
that the defendant has a lien on the property to a certain
amount, that amount may be deducted by the jury, in as-
sessing damages."  Here the plaintiff is the general owner,
and, as such, is entitled to compensation.  The defendant
has no lien and never had, and cannot, within the principles
of this case, claim any deduction.

There was no conditional sale in *Hyde* v. *Cookson*, 21
Barb. 92.  The plaintiff in that case had contracted with
one Osborne to tan a quantity of hides for him on certain
specified terms.  Before the tanning was completed, Os-
borne failed and assigned his property, the hides included,
to the defendant, against whom an action was brought for
their conversion.  The Court held that the proper measure
of damages in such action was the value of the plaintiff's
interest in the hides, and not the enhanced value thereof
when manufactured into leather.  In other words, they
allowed deduction for the labor and money expended by
Osborne upon the hides, under his contract.  The case,
therefore, when examined, has no bearing upon the present
discussion.

If a mortgagee of personal property, after a foreclosure,
brings trover for the value of the property mortgaged, he
recovers in damages its whole value.  The mortgagee is
never allowed to claim deductions for part payments.  So

when there is a conditional sale, the purchaser gains no rights by a partial performance of his contract.

*Exceptions overruled.*

KENT, DICKERSON, BARROWS and DANFORTH, JJ., concurred.