# Shelton's Adm'r v. St. Clair.

*Action on Promissory Note; Plea, Set-off.*

1. *Construction of bill of exceptions ; presumption in favor of judgment.*—A bill of exceptions is construed most strongly against the party excepting, and must show error affirmatively and clearly ; and any reasonable construction will be adopted, which frees the rulings of the court below from error.
2. *Filing claim against insolvent estate; set-off* —A claim against an insolvent estate, which is not shown to have been filed within the time required by law (Code, § 2568), is not available as a set-off in an action brought by the administrator.

APPEAL from the Circuit Court of Jackson.
Tried before the Hon. LOUIS WYETH.

[Shelton's Adm'r v. St. Clair.]

This action was brought by Claiborne W. Hunt, as the administrator *de bonis non* of the estate of William L. Shelton, deceased, against Paschal St. Clair and others, and was commenced on the 30th August, 1875. The cause of action was the defendants' promissory note, under seal, for $155, dated the 20th November, 1873, and payable twelve months after date, to John A. Shelton, as the administrator of the estate of said W. L. Shelton. The defendants pleaded, "in short by consent, payment, set-off, accord and satisfaction, with leave to give in evidence any matter of defense." The plaintiff replied to the plea of set-off—1st, that the account pleaded as a set-off was not presented within eighteen months after the grant of administration; 2d, that his intestate's estate was declared insolvent on the 25th August, 1875, and said account was not filed as a claim against the estate within nine months afterwards. Issue was joined on each of these replications, and also on the other pleas. On the evidence adduced, the court excluded the several claims offered under the plea of set-off, " on the ground that the bond sued on was not subject to said sets-off, but that the defendants must go into the Probate Court for adjustment." The defendants excepted to this ruling, and they here assign it as error.

L. C. COULSON, for appellants.
W. H. NORWOOD, *contra.*

BRICKELL, C. J.—A bill of exceptions must clearly and affirmatively show the error of which the party excepting complains. The bill is construed most strongly against the party taking it; and when it admits of a reasonable construction, which will free the rulings of the court from error, that construction must be adopted. The replication put in issue the fact of filing the claims, relied on as sets-off, in the Court of Probate, within nine months after the estate was declared insolvent. The declaration and decree of insolvency was shown to have been made more than nine months before the plea of set-off and the replication to it were filed, and the bill of exceptions is silent as to the filing of the set-off. A claim against an insolvent estate, which has not been filed in the Court of Probate, within the time required by law, is not available as a set-off in an action brought by the administrator.—*Bell v. Andrews,* 34 Ala. 538. It can not be affirmed, from the bill of exceptions, that the exclusion of the sets-off by the Circuit Court was not upon the ground of the failure to file them in the Court of Probate, whereby, whatever may have been their dignity, or however meritorious the consideration, they were forever barred. The judgment is affirmed.