Buchanon v. Adams.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, PARKER, REED, SCUDDER, VAN SYCKEL, BROWN, CLEMENT, COLE, McGREGOR.   11.

NELSON E. BUCHANON ET AL., PLAINTIFFS IN ERROR, v. CALEB L. ADAMS, DEFENDANT IN ERROR.

1. In defence of an action upon a promissory note, when it is between the parties to the note, and where the object is to show that the note has been satisfied, evidence is admissible to show that contemporaneously with the making of the paper it was agreed between the parties to it that merchandise should be taken in satisfaction of the amount to become due, coupled with proof that the merchandise was delivered according to the agreement.

2. The admission of such evidence does not infringe upon the well-settled rule that evidence of contemporaneous declarations is inadmissible to vary the terms of a written contract.

In error to the Supreme Court.

For the plaintiffs in error, *James Steen.*

For the defendant in error, *Isaac W. Carmichael.*

The opinion of the court was delivered by

THE CHANCELLOR.   The plaintiffs in error were the owners of timber land in Burlington county, in this state.   In 1881, through their agent, John Buckingham, they caused the land to be laid out in parcels, and the timber standing on the several parcels to be sold.   The defendant, Caleb L. Adams, purchased some twenty of these parcels of timber, and gave his promissory note for $733.50, the price at which he purchased, payable to the order of one Samuel H. Chambers, who was the auctioneer at the sale.   Chambers endorsed the note, " without recourse," and delivered it to Buckingham, who in turn de-

livered it to his principals, the plaintiffs. At the sale, Buckingham agreed with the defendant that payment for the timber the defendant should buy would be accepted in the lumber that should be cut from it, and at the time the note was given further agreed that the note should not be negotiated. After the defendant had delivered to Buckingham more than sufficient lumber to pay the note, suit upon the note was commenced against him.

The errors assigned are based upon alleged mistakes in the admission of evidence at the trial. The only assignment that is sufficiently supported by exception is that which charges that the trial justice admitted parol testimony to vary the terms of the note sued upon.

The testimony objected to was to the effect that Buckingham, contemporaneously with the giving of the note, agreed with the defendant that lumber would be taken in payment of it, and that the note would not be negotiated. This testimony, supplemented by proof that such agreement was executed, on the part of the defendants, by the delivery of more than sufficient lumber to pay the note, was admitted for the purpose of showing that the lumber was in fact received in payment and satisfaction of the note, and not for the purpose of varying the terms of the written promise to pay.

The rule is well settled that evidence of contemporaneous declarations is inadmissible to vary the terms of a written contract. *Meyer* v. *Beardsley*, 1 *Vroom* 236 ; *Wright* v. *Remington*, 12 *Vroom* 48 ; *S. C.* (affirmed on appeal), 14 *Vroom* 451 ; *Johnson* v. *Ramsey*, 14 *Vroom* 279 ; *Stiles* v. *Vandewater*, 19 *Vroom* 67.

To this rule the trial justice, in his charge, distinctly called the attention of the jury as he explained the proper use to which the testimony objected to was to be put.

There is no error manifest in the record of the court below, and the judgment must be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DE-

PUE, PARKER, REED, VAN SYCKEL, BROWN, CLEMENT, COLE, McGREGOR, WHITAKER.   11.

*For reversal*—None.