# Patrick *v.* Petty.

*Action on Promissory Note, with Common Counts.*

1. *Plea of set-off; statute of limitations, and non-claim, as bar.*—The statute of limitations is not an answer or defense to a plea of set-off, when the cross demand was a legal subsisting claim at the time plaintiff's right of action accrued (Code, § 2996); but there is no such provision as to claims barred by the statute of non-claim (*Ib.* § 2597).

2. *Accord and satisfaction; non-claim.*—A verbal agreement, made contemporaneously with the execution of a promissory note, that it may be discharged in some other way than by the payment of money, while it remains executory, is no defense to an action on the note; but, when fully executed, it operates as payment, or accord and satisfaction; and being so pleaded, the statute of non-claim is no answer to it.

[Patrick v. Petty.]

3. *Same; partial performance.*—Partial performance of such agreement, when full performance ·is prevented by the death of the party (Code, § 2922), may operate as payment, or accord and satisfaction, *pro tanto,* and only *pro tanto.*

APPEAL from the Circuit Court of DeKalb.

Tried before the Hon. JOHN B. TALLY.

This action was brought by J. M. Patrick, as administrator of the estate of Mrs. Martha Yeargin, deceased, against Thomas W. Petty, and was commenced on the 6th June, 1885. The action was founded on the defendant's promissory note, or writing obligatory, for $150, which was dated August 11th, 1883, and payable December 11th, 1884, "to Martha Yeargin or bearer, for rent on [of?] her entire farm for the year 1884;" and some of the common counts were also added. The defendant pleaded, 1st, payment; 2d, set-off, "in that the estate of plaintiff's intestate is indebted to defendant for board, care, attention and services rendered to said intestate during the years 1883 and 1884, prior and up to the time of her death;" and, 3d, "that said note was to be satisfied and discharged by defendant's taking care of plaintiff's intestate, who resided at defendant's during the last years of her life, and was cared for by defendant under said agreement, whereby said note was discharged." The plaintiff demurred to the · second plea, on the grounds (with others), that the demand therein set up was, on the face of the plea, barred by the statute of limitations, and also by the statute of non-claim. The court overruled the demurrer, and the plaintiff then replied to said plea, 1st, payment; 2d, the failure to present the demand within eighteen months after the grant of letters. To the last replication the defendant rejoined, that the action was brought within less than eighteen months after the death of plaintiff's intestate; and a demurrer to this rejoinder having been overruled, issue was taken on it. The third plea was afterwards amended, by alleging that "it was agreed between plaintiff's intestate and defendant that the note sued on was to be satisfied and discharged by defendant taking care of her during the years 1883 and 1884, and boarding and waiting on her during said years; that said intestate, who was aged and infirm, resided and boarded with defendant during said years under said agreement, up to her death in September, 1884, and was waited on and taken care of by him during that time, whereby said note was discharged." After demurrer overruled, issue was joined on this plea as amended.

[Patrick v. Petty.]

On the trial, the plaintiff having read in evidence the note on which the suit was founded, the defendant offered in evidence, after proving its execution, the lease of her farm by Mrs. Yeargin to defendant for the year 1884; and then offered to prove by one Overstreet, who was present when the note and lease were executed, "that it was agreed between said parties, at the time said note and instrument were executed, that if said intestate lived through the year 1884, and defendant boarded and cared for her during said year, then said note was to be discharged." The court admitted this evidence, against the objection and exception of the plaintiff. The defendant proved, also, that he had boarded and taken care of the plaintiff's intestate, until she left his house a few weeks before her death, which occurred in September, 1884; and he adduced evidence showing her infirm condition, the reasonable value of his services to her, and her declarations that she wanted him well paid for such services.

On this evidence, with the other evidence in the case, the plaintiff requested the following charges in writing, duly excepting to the refusal of each: (1.) "If the jury believe from the evidence that the note sued on was to be discharged by boarding and taking care of plaintiff's intestate during the year 1884, if she should live so long, and that she died in September of that year; then said note is not discharged by boarding and taking care of her during the year 1884, or any part of said year." (2.) "If the note was to be discharged by boarding and taking care of plaintiff's intestate during the year 1884, if she should live so long, and she died in September of that year; then the jury can not allow the defendant any thing under his plea of set-off." (3.) "If the defendant agreed to board and take care of plaintiff's intestate through the year 1884, if she should live so long, for the $150; and if the jury believe that he failed to do so, and sent her to her daughter's house two weeks before she died; then the $150 is not paid or satisfied, and the jury can not allow him anything by way of set-off for that year."

The rulings on the pleadings and evidence, the refusal of the charges asked, and other matters, are now assigned as error.

AIKEN & MARTIN, for the appellant, cited *McNair v. Cooper*, 4 Ala. 660; *Bibb & Falkner v. Mitchell*, 58 Ala. 657; *Givhan v. Dailey*, 4 Ala. 336.

[Patrick v. Petty.]

DUNLAP & DORTCH, *contra.*

STONE, C. J.—There were several rulings in this case which render a reversal necessary, but we do not propose to consider them in detail. We will declare the principles governing the questions raised, which will furnish a sufficient guide on another trial.

Set-off, in its nature, is a cross action, and is governed by the rules which pertain to a suit on a moneyed demand. There are exceptions, one of which is, that the statute of limitations is no defense to such plea, or cross action, where the claim offered to be set off "was a legal subsisting claim at the time the right of action accrued to the plaintiff on the claim in suit."—Code of 1886, § 2682; *Washington v. Timberlake*, 74 Ala. 259. This statute, however, is confined to the statute of limitations in its express terms, and can not be extended further. Non-claim does not fall within its healing provisions. On the contrary, the defense of non-claim, as a bar to an independent demand pleaded as a set-off, is as complete, as if it were interposed to a separate action brought for the recovery of such demand.—*Jones v. Drewry*, 73 Ala. 311; 3 Brick. Dig. 473, § 292; *Bell v. Andrews*, 34 Ala. 538.

When there is a promissory note, or other written obligation to pay money, and contemporaneously there is an oral agreement that the obligation is to be discharged by the doing of something other than the payment of money, so long as the contemporaneous, oral agreement remains executory, it is wholly inoperative, and no defense whatever to a suit on the obligation. When, however, the collateral, oral agreement has been performed, it becomes a complete cancellation and discharge of the written obligation, and a defense to an action brought to recover money. This is payment, not in money, but in something else, agreed to be received, and received as a substitute for money.—*McNair v. Cooper*, 4 Ala. 660; Bishop on Contracts, chap. 56, beginning with § 1441. This defense is frequently called accord and satisfaction. But, whether treated as payment, or accord and satisfaction, it is not required to be presented to the administrator, and non-claim is no answer to it.

It is urged that the defense of accord and satisfaction, set up in this case, was rested on an entire contract, and, not being fully performed, it stands for nothing. *Givhan v. Dailey*, 4 Ala. 336, is relied on in support of this proposition. The rule declared in that case was always regarded as

severe, and it has been changed by statute.—Code of 1876, § 2922; *Dryer v. Lewis,* 59 Ala. 551. We consider the oral contract set up in defense, if believed as stated by the witness, as amounting to nothing more nor less than that to board and care for the intestate through the year 1884, was mutually agreed to be the equivalent of the amount secured by the note; and if performed in part, and full performance prevented only by the death of Mrs. Yeargin, then it was payment, or accord and satisfaction, *pro tanto,* but only *pro tanto.* The tendency of modern jurisprudence is to soften the severity of arbitrary rules which work injustice.—Bishop Contr. §§ 1283, 1346, 1421.

Reversed and remanded.