# Parker v. Daughtry.

*Action of Assumpsit.*

1. *Sale by administrator; can not be repudiated upon insolvency of the
estate.*—Where the administrator sells and transfers assets of an
estate in satisfaction of a claim against it, upon the estate afterwards
proving insolvent and being so declared, he can not repudiate such
sale and transfer and maintain an action against the purchaser to re-
cover the price of the property transferred.

2. *Insolvency of decedent's estate; when claim barred.*—Where a per-
son holding a claim for rent against an insolvent estate of a decedent,
fails to file the same within the time required by law, the claim
thereof becomes forever barred and extinguished, and can not after-
wards be allowed as a set-off against a debt due the estate.

3. *Tort of administrator; can not be pleaded by way of set-off.*—The
torts of an administrator or executor can not be pleaded by way of
set-off in a suit brought by him in his representative capacity to re-
cover a debt due the estate, not even by waiving the tort and suing
in assumpsit; the administrator or executor in his representative
capacity not being able to commit a tort to be waived.


APPEAL from the Circuit Court of Dale.

Tried before the Hon. JESSE M. CARMICHAEL.

This was an action brought by the appellee as admin-
istrator of J. J. Parker, deceased, against the appellant,

to recover the price of goods sold by the plaintiff, as such administrator, to the defendant. The defendant pleaded the general issue and special pleas, the substance of which is stated in the opinion. To these pleas the plaintiff demurred, assigning in several different ways that the said pleas did not allege or show that the administrator had the authority to sell the goods, for the price of which he now sues. These demurrers were sustained and the defendant duly excepted. It is unnecessary to set out in detail the facts as disclosed on the trial of the cause.

There were verdict and judgment for the plaintiff; and defendant appeals and assigns as error the several rulings of the trial court to which exceptions were reserved.

SOLLIE & KIRKLAND, for appellant.—The court erred in its rulings upon the demurrers to the defendant's pleas. The plaintiff's complaint asserted the validity of the sale, and he is thereby estopped from denying it.— *Gresham v. Ware*, 79 Ala. 192; *Jones v. McPhillips*, 82 Ala. 102. The facts set up in the pleas constituted a complete defense to the action.—*Dunham v. Harris*, 13 Ala. 465; *Coleman v. Siler*, 74 Ala. 435; *Stephens v. Adams*, 93 Ala. 117; *Westmoreland v. Foster*, 60 Ala. 44ろ; *Tuttle v. Walker*, 69 Ala. 172.

H. L. MARTIN, *contra*.

HEAD, J.—The agreement of counsel endorsed upon the transcript is so ambiguous that will not undertake to construe it.

This is an action by Daughtry, as administrator of J. J. Parker, deceased, against H. Z. Parker for the price of goods sold by the plaintiff, as such administrator. The defendant's plea No. 1 plainly avers that plaintiff's intestate, at the time of his death, was indebted to defendant $975, for rent of a store house in Ozark, in which the goods purchased were kept for sale by intestate as defendant's tenant, up to the time of his death; that after his death plaintiff, as administrator, took charge of the goods and said storehouse, and rented the house from defendant for four months for the purpose of storing and disposing of the goods,

[Parker v. Daughtry.]

agreeing to pay defendant therefor, $35 per month, and that the goods, the price of which is sued for in this action, were, by the terms of the contract, sold by the plaintiff to the defendant in payment and satisfaction *pro tanto* of said claims for rent. There can be no question that, if these averments were true, the plaintiff could not recover. It was not a question whether the plaintiff as administrator, could lawfully make such a contract and disposition of the intestate's goods. By suing upon the contract he conclusively affirmed its validity, and would not be heard to repudiate some of its terms while seeking to enforce others. He should take the contract as he made it, or not at all. The court erred in sustaining the demurrer to the plea.

The other pleas were set off of the rent demands. To them plaintiff replied the declaration of insolvency of the estate and that the claims were not filed against the insolvent estate, as required by law. The trial took place more than nine months after the declaration of insolvency, and the claims were not filed. They were consequently forever barred and extinguished, and could not be allowed as a set-off, as was expressly held in *Bell v. Andrews*, 34 Ala. 538; *Walker v. Tyson*, 52 Ala. 593, and *Shelton's Admr. v. St. Clair*, 64 Ala. 565. The debt being extinguished by the failure to file the claim, all liens which it supported fell with it.—*Ray v. Thompson*, 43 Ala. 451; *Watson v. Rose*, 51 Ala. 292; *Halfman v. Ellison*, 51 Ala. 543; *Thames v. Herbert*, 61 Ala. 340, and authorities *supra*.

The defendant was allowed credit by the jury for the four months rent contracted by the plaintiff.

It appears that in one respect, the court, *ex mero motu*, charged the jury upon the effect of the evidence. In respect of the defense of set-off, the issue made by the pleadings was the declaration of insolvency and failure to file the claim *vel non*. The credibility of the evidence upon all issues to be tried by the jury must be submitted to the jury, even in written charges given on request; and the statute expressly forbids the court to charge, without request, upon the effect of the evidence, even though its credibility be submitted to the jury. For the errors mentioned the judgment must be reversed and the cause remanded.

We remark, that this is not an appropriate proceed-

ing to litigate the question of defendant's lien as land-lord. The declaration and pleas of set-off stand upon the merits of their respective claims, as subsisting personal demands, *pro* and *con*, without regard to any securities held by either. If defendant's claim, interposed as a set-off, was not filed within nine months after declaration of insolvency, as a claim against the estate, it was destroyed, and that is the end of it. Administrator's torts can not be pleaded by way of set-off to his suits in his representative capacity, not even by waiving the tort and suing in assumpsit. He can not, in his representative character, commit a tort, to be waived.

Reversed and remanded.