CONSOLIDATED OIL CO. OF TEXAS v. SCHAFFNER et al. (No. 1854.)*

(Court of Civil Appeals of Texas. El Paso. May 27, 1926. Rehearing Denied July 1, 1926.)

I. Principal and agent ⊸22(I).

In suit on notes given in payment for tools, exclusion of testimony as to acceptance by plaintiff's agent of tender of tools as discharge of indebtedness because proving agency by declarations of agent held error.

2. Appeal and error ⊸232(2).

In considering admissibility of tendered evidence, appellate court is confined to point of objection made to its admission.

3. Appeal and error ⊸692(3).

Bill of exception to exclusion of evidence, stating what answer would have been, held sufficient to present reviewable question.

**4. Evidence ☞441(11)—Contemporaneous parol agreement that note was to be discharged by payment other than in money and performance of collateral agreement may be shown in bar.**

In suit on promissory note, payable in money, between original parties, contemporaneous parol agreement that note might be discharged by payment other than in money and performance of collateral agreement may be shown in bar.

**5. Sales ☞196.**

Where delivery of tools on default in payment of notes would discharge notes, failure to deliver promptly on maturity of notes could be waived by subsequent delivery and acceptance according to contract.

**6. Chattel mortgages ☞267—Where sellers held notes secured by mortgage subject to discharge by return of tools, and part of tools were returned and were sold under mortgage, held sale price was amount to be credited on notes.**

Where sellers of tools held notes secured by mortgage subject to discharge by return of tools, and default in notes occurred and part of tools were returned, and they were sold under mortgage, *held* credit to be allowed on notes was amount of sale price, not value of tools returned.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Suit by George A. Schaffner and another, doing business as Schaffner Bros., against the Consolidated Oil Company of Texas. From the judgment, the defendant appeals, and plaintiffs filed a cross-assignment of error. Reversed and remanded.

Barker & Orn, of Cisco, for appellant.
Butts & Wright, of Cisco, for appellees.

WALTHALL, J. Schaffner Bros., plaintiffs below, brought this suit against the Consolidated Oil Company of Texas, a joint-stock association, acting under a declaration of trust, and joined other defendants as trustees thereof, asking recovery upon five certain promissory notes, aggregating in amount the sum of $22,250, executed by Consolidated Oil Company of Texas, payable to Schaffner Bros., on dates from March 1, 1920, to November 1, 1920, with interest from date, and providing for attorney fees, and secured by a chattel mortgage upon certain oil well drilling tools and fishing tools, stating their location to be on certain leases in Callahan county and Comanche county, and in transit to Cisco, Tex., consigned to plaintiffs, also one Ford runabout car and one Republic truck.

As a defense to the cause of action, defendant, Consolidated Oil Company, pleaded that on the 15th day of October, 1919, it purchased from plaintiffs the said tools at the agreed price of $45,000 and paid therefor

$22,500, and agreed to pay the balance of $22,500, which for the time being was evidenced by open account; that it was then and there agreed that the plaintiffs should use said tools and pay the balance of the purchase price therefor in 2, 4, and 6 months after the transaction aforesaid, and that at the time the tools were so purchased it was agreed that, in the event default should be made in the payment of said account, plaintiffs would take said tools in full payment of the balance due on the purchase price thereof; that thereafter, at the request of plaintiffs, defendant executed the said notes, but that at the time the execution of the notes was under consideration and at the time they were executed plaintiffs and defendant renewed their former agreement that, in the event of default of their payment, plaintiffs would accept said tools in full payment of the balance due thereof.

Defendant alleges that, after each of said notes had become due, and default made, it delivered in payment of the amount due on said notes all of said tools as it had agreed to do.

On the special issues submitted, the jury found:

(1 and 2) On the occasions when the tools in question were purchased, and when the notes sued on were executed, plaintiffs and defendant, the latter acting through its trustees, agreed that, in the event default should be made in the deferred payment for the tools, plaintiffs would accept the tools purchased in satisfaction of such deferred payment.

(3) Dr. D. S. Rump (one of the trustees for defendant) for defendant, between January 15 and 20, 1921, surrendered to Ed. Schaffner title and possession of the tools, then in possession of the plaintiffs.

(4) Ed. Schaffner, at the time inquired about in question No. 3, was the agent of plaintiff and authorized to receive the property in satisfaction of the debt evidenced by the notes sued on, as the terms "agency" and "agent" are defined in the charge.

(5) Ed. Schaffner, acting for plaintiffs, at the time stated in question No. 3, did not accept the tools then in possession of defendant in full payment and satisfaction of the indebtedness evidenced by the notes sued on.

(6) Plaintiffs did not, on dates between the 15th and 20th of January, 1921, or thereafter, appropriate the property sold by them to plaintiffs by virtue of any delivery made to Ed. Schaffner.

(7) The value of the tools delivered by defendant to Ed. Schaffner on dates stated above, was $12,000.

On the verdict, as above, judgment was rendered for plaintiffs in the sum of $16,166.27, from which defendant prosecutes this appeal. Plaintiffs also filed a cross-assignment of error.

Opinion.

[1-3] On the trial, Dr. D. S. Rump, a witness for defendant, was asked to state in detail a conversation had between himself and Ed. Schaffner (not one of Schaffner Bros.) about the 18th day of January, 1921, at Cross Plains, Callahan county, to which place Dr. Rump had gone for the purpose of delivering the tools in controversy. Dr. Rump was permitted to state what he said in the conversation to Ed. Schaffner, but sustained objection to any statement made by Schaffner to Dr. Rump at that time in connection with the delivery or acceptance of the tools. We think the exclusion of the evidence shown by the bill of exceptions to have been tendered error.

The bill of exceptions discloses that the appellant offered to prove that:

"D. S. Rump, a trustee of the defendant company, * * * went over to Cross Plains, Tex., * * * on or about the 18th day of January, 1921, and delivered the tools to Ed. Schaffner, the agent of the plaintiffs, and stated to him that the Consolidated Oil Company of Texas, then and there delivered said tools to him for the plaintiffs in this cause under the agreement made at the time that the tools were purchased, and when the notes were executed and delivered, to wit: That, if default was made in the payment of said notes, plaintiff would take over the tools in full payment therefor and cancel the notes; that the said Ed. Schaffner, then and there said, 'All right, under the circumstances I accept them,' to which testimony the counsel for the plaintiffs objected for the following reason: 'That agency cannot be proven by the declaration of the agent' —and the court sustained said objection, the defendant excepted, and herewith tenders his bill of exceptions."

Evidently neither the purpose of offering the statement of Ed. Schaffner, nor its effect if admitted, would tend to prove the agency of Schaffner. The admitted statement of Dr.Rump to Schaffner clearly shows that he was then making a tender of the tools in discharge of the notes as the appellant alleged the contract to be, and the reply of Schaffner, as stated in the bill of exceptions, to the tender of the tools went only to his acceptance of the tender of the tools as a discharge of the indebtedness. We cannot see how his reply could have any reference to agency. The court added a qualification to the bill, but the qualification had no reference to the objection made to the admission of the evidence. In considering the admissibility of the evidence tendered, we are confined to the point of objection made to its admission. Appellee insists that to present a reviewable question a bill of exceptions taken to the exclusion of evidence must state either what the answer of the witness would have been or what it was expected to prove by the witness. But here the proposed answer of the witness to the question is stated in the bill of exceptions. We cannot determine what the jury would have found on issue No. 5 submitted by the court, had the tendered evidence of Dr. Rump been admitted.

[4] Error is assigned to the refusal of the court to enter judgment for appellant upon the jury's findings as requested in its motion.

As a defense, appellant pleaded that, at the time the execution and delivery of the notes were under consideration, and at the time they were executed and delivered, the parties agreed that, in the event default should be made in the payment of the notes, they (appellees) would accept said tools in full payment of the balance due thereon; that, after default had been made, appellant, as agreed, delivered to the appellees all of the tools for the purpose of paying the amount due on said notes.

In a suit upon a promissory note, payable in money, it is not permissible in bar of the action to show a contemporaneous parol agreement that the note might be discharged other than by payment in money and by offering to perform the collateral agreement. This would violate the parol evidence rule. But in an action between the original parties such a contract and its performance may be shown, and this is a bar to the action. The execution of the collateral agreement discharges the debt. 3 R. C. L. 1284. 1 Joyce, Defenses to Com. Paper, 700, § 512; Howard v. Stratton, 64 Cal. 487, 2 P. 263; Crosman v. Fuller, 17 Pick. (Mass.) 171; Buchanon v. Adams, 49 N. J. Law, 636, 10 A. 662, 60 Am. Rep. 666.

If it had been found that appellants delivered to Ed. Schaffner all of the tools purchased, and he accepted the same, then finding 5 would have been immaterial, in view of the other findings made, and the judgment should have been for appellants, because such findings would have established execution of the collateral parol agreement to accept such tools in payment of the notes. Under such circumstances the intention of Ed. Schaffner in accepting the tools would have been immaterial.

Finding 3 simply establishes that Dr. Rump delivered to Schaffner the tools then in defendant's possession. The undisputed evidence shows that all the tools purchased were not delivered. Under such circumstances, compliance with the collateral contract was not shown, and the intention of Ed. Schaffner in accepting those tendered became material. Finding 5 defeated appellant's right to have the delivery treated as payment in full, in view of the undisputed evidence that all the tools purchased were not delivered. This is especially true, in view of the fact that appellees were entitled to take possession of the tools under the terms of the mortgage which they held.

[5] With respect to appellees' cross-assignment, our views are as follows: The evi-

dence shows that the notes sued upon were secured by a chattel mortgage upon the tools. The mortgage authorized the plaintiffs to take possession of the property upon default in payment of the notes; to sell the same and apply the proceeds to the payment of the notes. It was shown that after receiving the tools delivered to Ed. Schaffner the appellees sold the same under the power conferred by the mortgage, realizing $2,000 therefor.

Appellees first contend that appellants lost their option to pay the notes by delivery of the tools because of their failure to deliver same promptly upon the maturity of the notes. However, strict compliance in this particular with the collateral agreement could be and would be waived by delivery made subsequent to maturity and acceptance in accordance with the collateral contract.

[6] They next contend that appellants are not entitled to a credit of but $2,000, the price for which the tools were sold under the mortgage. Under the pleading and evidence reflected by the present record, this is correct. This record presents no issue of conversion, and the jury by its sixth finding in effect found there was no conversion. It is only upon the theory of a conversion that the appellees can be held liable for the value of the tools delivered instead of the price which they brought when sold under the power conferred by the mortgage. The sixth and seventh issues were irrelevant in the present state of the pleadings and evidence.

The case is reversed and remanded for retrial in accordance with the views expressed in this opinion.

Reversed and remanded.