LAWRENCE E. BARTLETT

*vs.*

BURTON L. NEWTON

Oxford.    Opinion, November 27, 1951.

PER CURIAM.

This case was reported to this court, for the rendition of such judgment as the law and the evidence require, upon so much of the latter as is legally admissible.   The issue presented is purely one of fact.   It should be resolved by a trier of facts, passing upon the credibility of witnesses giving testimony sharply conflicting, after having the benefit of observing them on the stand.   *Associated Fish Products Co.* v. *Hussey*, 145 Me. 388, 71 A. (2nd) 519.   The report must be discharged, and the case remanded to be tried at *nisi prius*.

The primary issue is whether the plaintiff had a trade with the defendant, as he claims, whereby labor performed for Newton & Tebbets, Inc., a corporation of which the defendant was president, was to be applied to a note for $581.40 given the defendant.   The note was signed also by Roger W. Wheeler, a partner in Wheeler Brothers, the employer of the plaintiff, engaged at the time in procuring cordwood for Newton & Tebbets, Inc.   The note recites that the principal sum, with interest, was "to be collected from Wheeler Brothers account at Newton & Tebbets mill."   No payment was made on the note, unless by plaintiff's labor in yarding 100 cords of wood for Newton & Tebbets, Inc. under an account designated the "Wild River Account."   That account dealt with 27.89 cords of wood in excess of the 100 cords yarded by the plaintiff.

A lesser issue, assuming that plaintiff's story is rejected by the trier of facts, will be the coverage of a chattel mortgage given by the plaintiff to secure the note. When it was executed plaintiff was the owner, subject to a conditional sale agreement, of an Allis-Chalmers Diesel Tractor equipped with Carco Hydrodozer and Winch. The mortgage identifies the tractor with its serial and engine numbers as shown in the conditional sale agreement, reciting that it is subject thereto. The evidence indicates that the blade of the hydrodozer was not attached to the tractor when the mortgage was given, or when it was foreclosed. It was in use on it from time to time while the mortgage was in force.

The action is trover. Plaintiff seeks to recover for the tractor and its equipment, all of which was taken by the defendant in foreclosure proceedings. He claims that the debt was paid prior to foreclosure by his labor on the 100 cords of wood aforesaid, deposing that the agreed price therefor was $6 per cord. It is undoubted that the plaintiff and Roger W. Wheeler had some negotiations with the defendant, prior to the making of the loan, and another loan involving something in excess of $400, made to Roger W. Wheeler, or Wheeler Brothers, and that the proceeds of the two loans were applied to claims against the tractor and a truck mortgaged to secure the Wheeler loan. Defendant's evidence indicates that the negotiations produced nothing more than his agreement, for Newton & Tebbets, Inc., that a larger price would be paid for cordwood delivered under the Wild River Account than that being paid Wheeler Brothers earlier.

Defendant, in his testimony, purported to give a full accounting for all wood handled under the Wild River Account. His figures indicate credits to Wheeler Brothers aggregating $4,706.69 and charges totalling $4,584.91, after an adjustment of $65 on stumpage items amounting to

$873.16. Included in the latter are items representing $153.16 applicable to an "original advance." There is nothing in the record to show what stumpage applied to wood delivered under the Wild River Account, or that the "original advance," whatever it was, had any connection with it.

Plaintiff testified that he yarded the 100 cords of wood aforesaid for the defendant, or his corporation, was not paid therefor by Wheeler Brothers, and did not look to Wheeler Brothers for payment. Defendant, in purporting to give a full accounting of the Wild River Account, may recognize, by implication at least, that if a proper accounting would show a balance due Wheeler Brothers, that balance should be applied on plaintiff's note. If so, and such accounting showed a balance sufficient to satisfy the secured note, the plaintiff would be entitled to recover in the present action. A trier of facts should determine whether there was any agreement between the parties, the terms thereof, if any, and the accounting carrying it into effect.

*Report discharged.*

*William E. McCarthy,* for plaintiff.

*Gerry Brooks,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.