Delivered January 13, 1891.

_____

## LETCHER & MOORE v. DANIEL MORRISON.

### No. 2805.

1. **Immaterial Error.** — Over objection a witness was allowed to testify to business troubles anterior to and distinct from the sale of the property, title to which by the sale was in conflict. The same testimony had been given without objection by another witness. *Held*, the testimony was irrelevant but immaterial.

2. **Affidavit of Juror to Misconduct of Jury.** — Affidavits of jurors charging misconduct of the jury while deliberating will not be received in a civil case in support of a motion for new trial on the ground of such misconduct.

3. **Charge.**—Where the entire testimony of the plaintiff tended to show the acquisition of the property sued for was before a given date, it was not error in the charge to submit the right of plaintiffs to recover as based upon a completed purchase prior to such date.

4. **Charge Upon Facts as Constituting Sale.** — The court charged the jury "if they believed the  *  *  *  agent of the plaintiffs then and there accepted and took possession of said logs (sued for) for plaintiffs, then and in that event plaintiffs became and were the legal owners and possessors of said logs." The plaintiffs insisted upon a completed sale before the actual delivery, but *held*, the charge was correct.

5. **Charge Upon Duty of Jury.**—There being no instruments of writing requiring construction in evidence, it was correct to charge the jury that they were the exclusive judges of the weight and value of the evidence.

6. **Verdict Against Evidence.** — See case where verdict regarded so repugnant to the evidence as to require a reversal upon that ground.

APPEAL from Orange.   Tried below before Hon. Hal. W. Greer, Special District Judge.

There is a sufficient statement in the opinion.

*John T. Stark, S. Chenault,* and *O'Brien & O'Brien,* for appellants, cited Little v. Birdwell, 21 Texas, 612; Cannon v. Cannon, 66 Texas, 682; Machon v. Randle, 66 Texas, 282; Railway v. Underwood, 64 Texas, 468; Loving v. Dixon, 56 Texas, 76; Williams v. Conger, 49 Texas, 601–603; Wintz v. Morrison, 17 Texas, 382; Norvell v. Oury, 13 Texas, 31, 32; Railway v. Rider, 62 Texas, 270; Burnett v. Waddell, 54 Texas, 276; Spence v. Onstott, 3 Texas, 147; Keyser v. Pilgrim, 25 Texas Supp., 217; Bailey v. Mills, 27 Texas, 437; Cooper v. Bumpass, 1 Ct. App. C. C., 499; Osborn v. Koenigheim, 57 Texas, 92; Wisson v. Baird, 1 Ct. App. C. C., sec. 711; Anderson v. Levyson, 1 Ct. App. C. C., 927; Griffin v. Wright, 1 Ct. App. C. C., 638; Wells v. Littlefield, 59 Texas, 556; Bank v. Tufts, 63 Texas,

113; Medlin v. Wilkins, 60 Texas, 409; Taliaforro v. Cundiff, 33 Texas, 415; Taylor v. McNutt, 58 Texas, 73; Leach v. Wilson County, 68 Texas, 353; Railway v. Beard, 68 Texas, 265; Boaz v. Schneider, 69 Texas, 128; Hopkins v. Partridge, 71 Texas, 606.

*Scott & Levi,* for appellee.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by appellants to recover a lot of pine logs or damages for their value.

Upon a trial before a jury a judgment was rendered in favor of the defendant.

The petition charged, in general terms, that on or about the first day of September, 1884, plaintiffs owned and were in possession of the property, when it was unlawfully taken from his possession and converted by the defendant.

The plaintiffs proved by three witnesses that in July, 1884, Covington & Huff, who were partners, owned a large number of logs then lying in the Sabine River and in Quicksand and Caney creeks and in the woods, marked with certain brands; that they were then indebted to the plaintiffs by open account, and that in the said month plaintiffs purchased all of said logs from Huff, as they then lay, at an agreed upon price per log; that as part of the agreement the price was to be paid by crediting it upon the indebtedness of Covington & Huff to plaintiffs, and that about the 28th day of August of the year 1884, in pursuance of the terms of said sale, the logs had been counted by an agent of plaintiffs and the said Huff, thereby ascertaining the amount to be paid for them by plaintiffs.

Plaintiffs proved that the purchase money for the logs was credited by them to Covington & Huff without entirely discharging their indebtedness.

Both Huff and Covington testified as witnesses, the former at the instance of plaintiffs and the latter at the instance of the defendant.

Over the objection of plaintiffs the witness Covington was permitted to testify as follows:

"We had a contract with plaintiffs to deliver 80,000 feet of timber, but before we got through with our contract Letcher stopped us and refused to furnish us with supplies."

The objection urged to the evidence was that it was irrelevant.

As the issues were made by the pleadings, we do not think that the evidence was proper.

But as the witness Huff had in substance given, without objection, the same testimony, the admission of the evidence does not require a reversal of the cause.

Appellants appended to their motion for a new trial the affidavits of a number of the members of the jury who tried the cause, to the effect that

the verdict returned was not the agreement of the whole jury but of a majority of it only.

The court, upon the motion of the defendant, struck out and refused to consider the affidavits.

From the first organization of this court the receiving of such affidavits has been always discouraged.

In the case of Mason v. Russell's Heirs, 1 Texas, 725, Justice Lipscomb uses the following strong language on the subject:

"The permitting such evidence can not be too strongly reprobated as leading to improper tampering with the jurors to procure such affidavits after verdict; and further, a juror so shamelessly disregarding the obligation of his oath as to be guilty of such irregularities after a cause has been submitted to him justly deserved punishment and ought to have received it." Handley v. Leigh, 8 Texas, 130; Little v. Birdwell, 21 Texas, 612.

We do not think the present is a case calling for a departure from the practice.

Appellants complain that the court erred in its charge in restricting their right to recover by requiring the jury to believe that they had acquired their title to the logs on or before the 28th day of August, 1884. The evidence clearly shows, without there being anything to the contrary, that plaintiffs, if they had title at all, acquired it before said date, and hence they could not have been prejudiced by the charge in that particular.

Appellants complain that the court erred in instructing the jury that the right of the plaintiffs under the evidence did not accrue until the parties had counted the logs and they had been delivered to plaintiffs. We do not think that the objection presents the charge as actually given. While we think the plaintiffs were entitled to a charge presenting to the jury their title as complete before the logs had been counted, if they found plaintiffs' version of what had occurred preceding that transaction to be true, we yet think the charge given was correct.

If another view of the evidence, and one more favorable to the plaintiffs, was likewise correct, they should have requested an additional instruction.

We think, however, that the charge as given correctly presented plaintiffs' whole case as it was developed by the evidence, and we can not see that any injury could have resulted to them from that source.

Appellants insist that "the court erred in the eighth section of its charge in the instruction to the jury as to the evidence generally, including the written contracts and other written evidence, 'that they were the exclusive judges of the weight and value of the evidence,' and in the failure of the court to construe said contracts and other writings and to instruct the jury as to their legal effect, thus in effect excluding said written evidence from the consideration of the jury."

The charge as given was correct. If there were before the jury any instruments of writing requiring construction (which under the issues made by the pleadings is not apparent to us) it would have been proper for appellants to have requested a charge supplying the omission.

The other assignments of error relate to the insufficiency of the evidence to support the verdict.

Notwithstanding the reluctance always exhibited by this court to disturb the verdicts of juries upon the facts merely, we feel constrained in this case to say that we think the verdict is so repugnant to the evidence as to have made it the duty of the District Court to set it aside, and to make it ours to reverse the judgment because it was not done.

As the cause will be remanded for another trial, we do not think it proper for us to express in detail our view of the evidence.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered January 13, 1891.