ROBERT H. PARK, Appellant, v. JOHN C. CULVER, Respondent.

Kansas City Court of Appeals, March 3, 1913.

1. **REAL ESTATE AGENTS: Commission: Instructions.** The plaintiff sued to recover a real estate commission claimed to have been earned by securing the exchange of the defendant's farm for an apartment house in Kansas City. Plaintiff contends he introduced the parties and participated in the negotiations. The defendant paid the $100 bonus, but refused to pay tthe commission, on the grounds of no liability. *Held*, that an in-

struction given by the court, which compelled the plaintiff to prove by the greater weight of the credible testimony that he was the efficient and procuring cause of the exchange, was prejudicial error.

2. ———: ———: **Procuring Cause of Negotiations.** A real estate broker employed to effect a sale or exchange of his principal's land is entitled to compensation, if he is the procuring cause of negotiations which result in a sale or exchange though such negotiations be conducted and successfully concluded by the principals themselves.

3. ———: **Duty of Agents: Contract of Sale.** The duty of the agent is not to procure a contract of sale or exchange but to find a person who proves to be ready, willing and able to purchase the land on the terms proposed.

4. **DEFINITIONS: Expression.** The expression "procuring and inducing cause" means the procurement of a purchaser ready, willing and able to buy the land on the principal's terms.

Appeal from Jackson Circuit Court.—*Hon. W. O. Thomas*, Judge.

REVERSED AND REMANDED.

*J. L. Lorie* and *E. Batavia* for appellant.

*Ashley & Gilbert* for respondent.

JOHNSON, J.—This is an action to recover a real estate agent's commission appealed by plaintiff who suffered defeat in the circuit court.

Defendant traded a farm he owned in Kansas for an apartment house in Kansas City. Plaintiff who is a real estate broker in Kansas City contends that defendant employed him to procure a purchaser for the farm and agreed to pay the usual commission for such service; that he introduced defendant to the agents of the owner of the apartment house and initiated and assisted in negotiations that culminated in an exchange of properties, and that defendant not only agreed to pay his commission but during the negotiations agreed to give him and another broker who participated in the

transaction a bonus of $100 if the proposed exchange were effected. Afterward defendant paid the bonus but refused to pay the commission. His contention is that he did not employ plaintiff; was not introduced to the agent of the owner of the apartment house by plaintiff and that while he paid plaintiff and the other broker $100 for the aid they gave towards the consummation of the trade, the payment was gratuitous and not in discharge or acknowledgment of any legal claim or demand in favor of plaintiff.

The evidence of plaintiff shows that he played only a minor part in the negotiations leading to the exchange and that his principal service consisted in the introduction of defendant to the agents of the owner of the apartment house. The negotiations that ensued were brought to a successful issue by the principals themselves and the jury well might have believed from all the evidence that while plaintiff was employed by defendant, as he states he was, and was the agency by which the principals were brought together and the negotiations were initated, his subsequent efforts were of little effect and that the contract made by the principals was the product of their own unaided efforts to arrive at an agreement.

In such state of case it was prejudicial error for the court to give the following instruction requested by defendant: "Before, under any circumstances, the plaintiff can recover in this action, he must prove by the greater weight of the credible testimony that he was the efficient and procuring cause both in finding and inducing the Guardian Trust Company to enter into the contract with defendant made on the 6th day of May, 1910, and to establish that he was such efficient or procuring cause, it is not enough that his acts or efforts were one or more of a series of causes bringing about the contract; such acts must have been the procuring or inducing cause; that is to say, must

have been the cause which actually induced the Guardian Trust Company to enter into the contract.''

This instruction cleverly employs a well-settled rule of the law of agency in a manner to convey the idea to the jury that plaintiff's duty towards his principal compelled him, if he would earn the stipulated reward, not only to find a person who would enter into dealings with defendant for an exchange of properties but also to be the chief agency by which negotiations thus begun would be brought to a successful outcome. He must be ''the cause which actually induced the Guardian Trust Company to enter into the contract'' and must go unrewarded if his efforts were only ''one or more of a series of causes bringing about the contract.''

The rule in this State is that a real estate broker employed to effect a sale or exchange of his principal's land is entitled to compensation if he is the procuring cause of negotiations which result in a sale or exchange though such negotiations be conducted and successfully concluded by the principals themselves. The duty of the agent is not to procure a contract of sale or exchange but to find a person who proves to be ready, willing and able to purchase the land on the terms proposed. [Bell v. Kaiser, 50 Mo. 150; Tyler v. Parr, 52 Mo. 249; Timberman v. Craddock, 70 Mo. 638; Gelatt v. Ridge, 117 Mo. 553; Millan v. Porter, 31 Mo. App. 563; Crain v. Miles, 154 Mo. App. 338.]

The expression ''procuring and inducing cause'' as used in the books refers to the cause originating a series of events which without break in their continuity result in the accomplishment of the prime object of the employment of the agent which, as stated, is the procurement of a purchaser ready, willing and able to buy the land on the principal's terms. There is no suggestion in the evidence of any break in ''the chain of causation'' and in the light of the evidence the instruction could have no other meaning than that of

imposing a duty on plaintiff wholly extrinsic to those he assumed under the requirements of his contract of agency.

Other points made by plaintiff have been examined and are found to be not well taken. For the error noted the judgment is reversed and the cause remanded. All concur.