McKINNEY v. THEDFORD et al.
(No. 7884.)

(Court of Civil Appeals of Texas. Ft. Worth. March 14, 1914.)

1. BROKERS (§ 88*)—EMPLOYMENT AND AUTHORITY — EVIDENCE OF AGENCY — SUFFICIENCY.

Evidence, in an action for commissions for effecting an exchange of land, *held* sufficient to go to the jury on the issue of plaintiffs' authority from defendant to make the exchange.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 121, 123–130; Dec. Dig. § 88.*]

2. BROKERS (§ 86*)—ACTIONS FOR COMPENSATION—EVIDENCE—SUFFICIENCY.

Evidence, in an action for commissions for effecting an exchange of land, *held* not to show conclusively that the purchaser bought defendant's land solely upon his own information after negotiating with defendant, and was not influenced by any efforts made by the plaintiffs to bring about the sale.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 116–120; Dec. Dig. § 86.*]

3. BROKERS (§ 53*) — COMPENSATION—SUFFICIENCY OF SERVICES.

Where a broker was the procuring cause of a sale, it is immaterial to his right to a commission that he did not personally conduct the negotiations, was not present when the bargain was closed, or that the principal at the time did not know that the purchaser was found by the broker.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 74; Dec. Dig. § 53.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

4. BROKERS (§ 88*)—ACTIONS FOR COMPENSATION—INSTRUCTIONS.

An instruction as to a broker's right to a commission, where he did not personally conduct the negotiations, was not present when the bargain was closed, and where his principal did not at the time know that he found the purchaser, was not inapplicable to the facts, where plaintiff did not personally negotiate the exchange and was not present when it was made.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 121, 123–130; Dec. Dig. § 88.*]

5. TRIAL (§ 194*)—INSTRUCTIONS.

An instruction, in an action for commissions, that, "where a broker was the procuring cause of a sale, * * * it is immaterial * * * that he did not personally conduct the negotiations, * * *" was not objectionable as being upon the weight of the evidence; it being a mere abstract proposition of law, not applying directly to any issue, and the question whether plaintiffs were the procuring cause having been submitted as a disputed issue.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

6. TRIAL (§ 194*)—ACTIONS FOR COMPENSATION—INSTRUCTIONS.

An instruction that, in an action on implied contract, it is only necessary for the plaintiff to show that he performed acts as the broker of the seller, and that the latter adopted his acts and accepted his agency, was not objectionable as upon the weight of evidence, being merely an abstract legal proposition not applicable directly to any issue.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

7. BROKERS (§ 88*)—ACTIONS FOR COMPENSATION—INSTRUCTIONS.

An instruction that plaintiffs could recover if they procured a buyer themselves or through their agent R. was not objectionable on the ground that R. was agent of the buyer, and that an agent cannot delegate his authority without his principal's consent and cannot represent both parties, where the evidence showed that R. represented the buyer only, and the brokers on both sides represented their respective principals in the negotiations.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 121, 123–130; Dec. Dig. § 88.*]

8. BROKERS (§ 88*)—ACTIONS FOR COMPENSATION—INSTRUCTIONS.

An instruction that plaintiffs, suing for commissions, were not partners of R., who represented the other party, and that they may recover, though R. got all of the commission from the other party, was not objectionable, because an agent who receives a secret commission from the other party cannot recover, where the evidence showed that the brokers on both sides represented their respective principals only.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 121, 123–130; Dec. Dig. § 88.*]

9. TRIAL (§ 260*)—ACTIONS FOR COMPENSATION—INSTRUCTIONS.

There was no error in refusing an instruction that a broker is not entitled to a commission where the purchaser bought on his own information after negotiating with the owner, without being influenced by the broker, though the broker made efforts to sell to such purchaser, where the court instructed that the brokers must have been the efficient and procuring cause of the sale, as the instruction given embodied substantially the same defense.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

10. TRIAL (§ 260*)—INSTRUCTIONS—REQUESTS—INSTRUCTIONS ALREADY GIVEN.

There was no error in refusing an instruction that, even though a broker brings the parties together, he is not entitled to a commission, in the absence of a contract of agency, where the same defense was substantially presented in the court's main charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

11. TRIAL (§ 252*)—INSTRUCTIONS.

There was no error in refusing an instruction, in an action for brokers' commissions, that any agreement between plaintiffs and the buyer's agent relative to the exchange would not bind defendant without his consent, where there was no evidence of any such agreement to which it could apply.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

12. BROKERS (§ 86*)—ACTIONS FOR COMPENSATION—EVIDENCE—SUFFICIENCY.

Evidence, in an action by brokers for commissions for effecting an exchange of real estate, held sufficient to support a verdict for the plaintiffs.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 116–120; Dec. Dig. § 86.*]

Appeal from Young County Court; E. W. Fry, Judge.

Action by G. C. Thedford and another against J. G. McKinney. From a judgment for plaintiffs, defendant appeals. Affirmed.

L. C. Counts, of Olney, for appellant. Arnold & Arnold, of Graham, for appellees.

DUNKLIN, J. J. G. McKinney has appealed from a judgment in favor of G. C. Thedford and R. H. Chancellor for the sum of $125, as commissions earned for sale by plaintiffs, as real estate brokers and agents for McKinney, of land belonging to him; the sale being by way of an exchange of defendant's land for other property. The suit was not upon quantum meruit, but upon an alleged contract of defendant to pay 2½ per cent. commission on a valuation of the property at $5,000.

The evidence shows that McKinney exchanged his land for a tract of land in the state of Missouri owned by one Tull, who, in the negotiations for the exchange, was represented by another broker named W. G. Reddin; that prior to the exchange defendant went to Missouri and inspected Tull's land, and after inspection, and while in Missouri, agreed with Tull to make the exchange, the agreement of Tull being conditioned upon a subsequent inspection of defendant's land.

[1] Appellant insists that a peremptory instruction should have been given in his favor as requested by him. The assignment of error complaining of the refusal of such an instruction is based upon two grounds: First, the lack of evidence to show that plaintiffs were authorized by the defendant to make the exchange; and, second, the lack of evidence to show that they performed any service under the alleged contract. By a

proposition submitted under the assignment, the scope of the assignment is limited to the first ground stated, namely, that there was no evidence to show any contract by the defendant with plaintiffs authorizing them to sell the land. In view of the testimony of plaintiff Thedford that defendant listed the land for sale with plaintiffs, who were engaged as real estate brokers, and that he informed defendant in answer to the latter's inquiry that a charge would be made of 2½ per cent. commission on a valuation of the property at $5,000, and the further testimony of the witness Reddin in effect that, after defendant agreed with Tull for an exchange of properties, defendant told witness that he would pay plaintiffs a commission, this assignment must be overruled.

[2] By the third and fourth assignments it is insisted that the court erred in the first and second paragraphs of the charge given to the jury. The assignments present several grounds of objection to those instructions, but they are limited by the proposition submitted under those assignments to the single criticism that the evidence showed conclusively that the purchaser bought defendant's land solely upon his own information after negotiating with defendant, and was not influenced by any efforts made by the plaintiffs to bring about the sale. The evidence shows that Tull lived in Missouri, and that plaintiffs had no communication with him whatsoever, but according to Thedford's testimony he (Thedford) first told Reddin of plaintiffs' property, and later used considerable persuasion to induce defendant to make the exchange, consisting of recommendations of the Missouri land, all of which occurred before defendant went to Missouri to inspect the land. In view of this testimony and Reddin's testimony already noted in effect that while in Missouri, and after the exchange had been agreed on between defendant and Tull, defendant told Reddin that he expected to pay plaintiffs a commission, these two assignments must be overruled.

[3-5] One paragraph of the court's charge reads as follows: "Where a broker was the procuring cause of a sale of real estate, it is immaterial to his right to a commission that he did not personally conduct the negotiations, was not present when the bargain was closed, or that the principal at the time did not know that the purchaser was found by the broker." This instruction is criticised as being inapplicable to any of the facts in the case, upon the weight of the evidence strongly implying that plaintiffs were the procuring cause of the sale, and calculated to lead the jury to believe that plaintiffs could recover, in the absence of any contract of employment by the defendant and without performing any service for him. We do not think the instruction subject to any of the criticisms made. We think it presents a sound proposition of law, and, in view of the fact that plaintiffs did not personally negotiate with Tull for the sale of defendant's land and were not present when the agreement of exchange was made in Missouri, the instruction cannot be said to be inapplicable to any of the facts in the case. Nor do we think that the instruction is upon the weight of the evidence; the same being an abstract proposition of law, and not applying directly and specifically to any issue in the case. The instruction was one of several abstract statements of law which in the charge preceded the instructions to guide the jury in determining whether or not a verdict should be rendered in favor of the plaintiffs, and in which the questions whether or not plaintiffs were employed by defendant to act as his agents in the sale of the land, as alleged in plaintiffs' petition, and whether or not their efforts were the procuring cause of the exchange that was made with Tull, were submitted as disputed issues of fact.

[6] Another one of the abstract statements of law contained in the charge reads as follows: "In an action on an implied contract, it is only necessary for the plaintiff to show that he performed acts as the agent and broker of the seller; the latter adopted his acts and accepted his agency." Criticisms are presented to this instruction as follows: That it authorized a recovery without proof of any contract of employment of plaintiffs, and that it strongly implies that defendant did adopt the acts of plaintiffs and did accept their agency, and that therefore it was upon the weight of the evidence. This assignment is overruled for the same reasons given for overruling the last preceding assignment.

[7] Error has been assigned to this instruction: "An agent may be created by an express or an implied agreement, and when by an implied agreement the acts and conduct of the parties must be looked to in determining if there is an agency, and, if one party accepts the work and benefits arising from the efforts of a second party in a land deal, he makes the second party his agent by an implied contract. Therefore if you find from the preponderance of the evidence before you that there was either an express or an implied contract between the parties for the sale of the land in question, and that Thedford and Chancellor acted either as the direct or implied agents of McKinney and procured for him a buyer for his land, either through themselves or their agent Reddin, then you will find for the plaintiff in the sum of $125, but, if you do not so find, then you will find for the defendant." In the assignment many criticisms are addressed to this instruction, but, as in other assignments already noted, it is limited by the following proposition, which is the only proposition submitted under the assignment: "An agent cannot delegate the authority given him by his principal without the principal's consent, and an agent can-

not act for both vendor and vendee without the consent of both." Following this proposition is a quotation from the testimony of the witness Reddin as ·follows: "I made a trade for Brother McKinney through Brother Thedford. I had no interest in the commission down here. The Missouri man paid me. He was agent for Tull. I represent both men's interests. Upton called me to McKinney and brought me and McKinney together. Thedford knew nothing of the contract between Tull and McKinney until I told him."

The testimony of Reddin was uncontroverted that he represented Tull only; that he so told McKinney on different occasions before the trade was closed; and that he had no interest whatever in the commissions claimed by plaintiffs. The negotiations between plaintiffs and Reddin were simply negotiations between two agents representing two principals, in which both agents were trying to effect a sale of the respective properties of their principals, and there is nothing in the testimony nor in the charge which does violence to the rule of law stated in the proposition.

[8] Another instruction was given by the court reading: "You will find that Chancellor and Thedford are not partners of the witness Reddin, and that it makes no difference to their right for a commission that he got all of the commission out of the party in Missouri." The proposition submitted under an assignment to this instruction reads: "An agent cannot obtain a commission from his principal for buying, where, unknown to such principal, he has received a commission from the seller."

In view of what we have said in the discussion of the last preceding assignment, the assignment now under discussion must be overruled.

[9] Complaint is made of the refusal of the following instruction requested by appellant: "A real estate broker is not entitled to commission on a sale of land, where the purchaser bought solely upon his own information after negotiating with the owners and was not influenced by the broker, even though the broker himself, or through another, had made efforts to sell the land to such purchaser."

The court gave another special instruction requested by defendant reading as follows: "Unless you find from the evidence that plaintiffs Thedford and Chancellor, as the agents of the defendant, were the efficient and procuring cause of the sale or trade of defendant's land, as alleged by plaintiffs, then you will find for the defendant." The instruction so given presented substantially the same defense as was covered by the instruction which was refused. Appellant was not entitled to two instructions upon the same issue, and, when one was given, he is in no position to complain of the refusal of the other, even though it was more favorable to him.

[10] It is insisted that the court erred in refusing another requested instruction in effect that, even though an agent brings parties together to make a trade, he is not entitled to a commission in the absence of a contract of agency. There was no error in refusing that instruction because the same defense was substantially presented in the court's main charge.

[11, 12] Error has been assigned to the refusal of another instruction requested by the appellant that any agreement between plaintiffs and the witness Reddin, relative to the exchange of the two properties, would not be binding upon the defendant unless such agreement for exchange was made with defendant's knowledge and consent, or was afterwards ratified by him prior to the consummation of the, trade. ·We do not think that this instruction was applicable to any of the evidence in the case. There was no testimony of any agreement between plaintiffs and Reddin further than, that each did make an effort to induce his principal to make the trade that was afterwards made. We are of the opinion further that the evidence was sufficient to support the verdict, and that the trial court committed no error in overruling appellant's motion for a new trial.

The judgment is affirmed.