## MEDLEY v. HILLOCK. (No. 2759.)*

(Court of Civil Appeals of Texas. Texarkana. June 11, 1923. Rehearing Denied June 21, 1923.)

Brokers ⊚⇒86(4)—Finding that broker suing for commission and his agent were procuring cause of sale sustained.

In a real estate broker's action for commission, evidence *held* sufficient to support the jury's finding that plaintiff and his agent were the procuring cause of the sale.

Error from District Court, Tarrant County; R. E. L. Roy, Judge.

Action by V. S. Hillock against George W. Medley. Judgment for plaintiff, and defendant brings error. Affirmed.

Hillock was a real estate broker. He brought this suit against Medley to recover $2,000, which he claimed Medley owed him as a commission of 5 per cent. on the price at which Medley sold certain property in or near Fort Worth to one W. K. Gordon. At the trial it appeared without dispute in the testimony that Medley arranged with Hillock to find a purchaser for the property, agreeing if he did so to pay him a commission of 5 per cent., and that Medley afterwards sold the property to Gordon for $40,000. The dispute between the parties was as to whether Hillock and Mrs. Minnie Cohen acting together, were the "procuring cause" of the sale or not. Hillock insisted that they were, while Medley insisted that they were not, but that either Miss Hope Chase or one J. W. Mitchell was the procuring cause thereof. The dispute was determined in Hillock's favor by a jury on special issues submitted to them.

Ocie Speer, of Fort Worth, for plaintiff in error.

N. A. Dodge, of Fort Worth, for defendant in error.

WILLSON, C. J. (after stating the facts as above). As we view the record, the contentions of Medley, predicated on the action of the trial court in admitting testimony set out in bills of exception, over his objection thereto, should be overruled, and the judgment should be affirmed, if the testimony warranted the finding of the jury that Hillock and Mrs. Cohen were the procuring cause of the sale to Gordon. Medley vigorously insists that it appeared from the testimony, as a matter of law, or, if it did not, that it appeared from the preponderance thereof, that Hillock and Mrs. Cohen were not the procuring cause of the sale. The determination of this contention will dispose of the appeal.

The testimony made an unusual if not a peculiar case in some respects. It appeared

therefrom that all the persons concerned in the transaction lived in Fort Worth, except Gordon and his wife, who resided in Thurber, but who wished to buy a home in or near Fort Worth. Mrs. Mitchell, wife of J. W. Mitchell, a real estate broker, and sister of Mrs. Gordon, communicated to Mrs. Cohen the latter testified, the fact that the Gordons wished to make such a purchase, and Mrs. Cohen advised Hillock of the fact. Thereupon Hillock arranged with Mrs. Cohen to act with him in an effort to sell the Medley property to the Gordons, agreeing, if they succeeded in the effort, to divide with her the commission Medley was to pay him. Afterward Mrs. Cohen, she testified, informed Mrs. Mitchell that the property was for sale, and later was advised by Mrs. Mitchell that she and the Gordons would go out and inspect it on the morning of the day following the day they had the conversation. Mrs. Cohen reported the conversation to Hillock, and on the morning of the day Mrs. Mitchell and the Gordons were to go and look at the property he went to the Medley home, which was the property in question, and, finding Medley absent, advised Mrs. Medley that the Gordons and Mrs. Mitchell expected to inspect the property that day. The Gordons and Mrs. Mitchell did go to the property and inspect it that day, and several days later Gordon, through Mitchell, who acted for him (and who demanded of Medley and received commission of $2,000 for making the sale), purchased the property of Medley.

Mrs. Cohen had known Mrs. Gordon several years, but neither she nor Hillock knew Gordon, and neither of them saw or directly communicated with either of the Gordons pending the transaction. It conclusively appeared that if Hillock ever communicated to either the Gordons or Mrs. Mitchell anything about the property it was through Mrs. Cohen, and that if Mrs. Cohen ever communicated to the Gordons anything about it it was through Mrs. Mitchell.

Mrs. Mitchell, contradicting the testimony of Mrs. Cohen, referred to above, testified that Mrs. Cohen never said anything to her about the property being for sale until several days after she and the Gordons first inspected it—that she obtained the first information she had that it was for sale from Miss Chase, who told her and the Gordons about it only a few minutes before they inspected the property the first time. It was for the jury to determine the conflict, and they had a right to say that Mrs. Mitchell obtained the first information she had about the property from Mrs. Cohen, and knew it was for sale before Miss Chase advised her of the fact.

But the fact, if it was a fact, that Mrs. Mitchell obtained the first information she had about the property from Mrs. Cohen did not prove that the first information Gor-

don had that it was on the market was from Mrs. Cohen through Mrs. Mitchell. Mrs. Mitchell testified that she did not tell him about, and he testified that the first information he had about it was from Miss Chase. Was there testimony which warranted a finding contrary to the testimony of Gordon and Mrs. Mitchell? We think there was, and that the judgment should be affirmed, because, if such a finding was warranted, the finding of the jury that Hillock was the procuring cause of the sale by Medley to Gordon was authorized. McKinney v. Thedford (Tex. Civ. App.) 166 S. W. 443; Ross v. Moskowitz (Tex. Civ. App.) 95 S. W. 86; West Bros. v. Thompson, 48 Tex. Civ. App. 362, 106 S. W. 1134; Park v. Culver, 169 Mo. App. 8, 154 S. W. 806; Langford v. Issenhuth, 28 S. D. 451, 134 N. W. 889; 9 C. J. 603, 611, 614.

It appeared, the jury had a right to say, that Mrs. Mitchell was assisting the Gordons in finding a suitable home, and that Mrs. Mitchell knew from Mrs. Cohen that the "Forty Oaks" property (which Gordon wished to purchase) had been sold, and that the Medley property was for sale; that Gordon knew from Mrs. Cohen through Mrs. Mitchell, before he saw Miss Chase, that the Forty Oaks property was no longer on the market; and that Mrs. Mitchell knew, on the day before the Gordons saw Miss Chase and inspected the Medley property, that the Gordons would inspect it on the day they did inspect it, and so advised Mrs. Cohen.

Finding the facts to be as stated, the jury would have been confronted with this question: How did Mrs. Mitchell know, on the day before the Gordons inspected the property, that they intended to do so, unless they so advised her? Answering the question, as the jury must, reasonably, that she could have known of such intention in no other way, the conclusion that the Gordons knew the property was for sale on the day before they saw Miss Chase was inescapable. If they knew it then, the further conclusion that they knew it from Mrs. Cohen through Mrs. Mitchell was likewise inescapable, for the testimony did not suggest any other source from which they might have had the information at that time.

It is true that, in reaching the conclusions stated, the jury would have had to discredit the testimony of Mrs. Mitchell that she did not tell the Gordons that the property was for sale, and did not tell Mrs. Cohen that the Gordons would inspect the property on the day they did inspect it, and the testimony of Gordon that the first information he had about the property was from Miss Chase; but the jury had a right to do that.

As we view it, the case made by the testimony is not within the rule that "a fact cannot be established by circumstances which are perfectly consistent with direct, uncontradicted, and unimpeached testimony that

the fact does not exist." 23 C. J. 50. The circumstances above referred to are not consistent with the direct testimony of Gordon and Mrs. Mitchell in the respects stated. Mrs. Mitchell could not have known, on the day before the Gordons inspected the property, that they would do so, if the Gordons did not then intend to inspect it; and, reasonably, the Gordons could not then have intended to inspect it, if they did not know it was for sale, and therefore subject to inspection.

The judgment will be affirmed.