## DISMUKES v. GILMER et al. (No. 7580.)

(Court of Civil Appeals of Texas. San Antonio. May 26, 1926. Rehearing Granted June 18, 1926. Further Rehearing Denied July 5, 1926.)

**1. Appeal and error ⬤═1002.**

Reconciliation of disputed facts is for jury, not appellate court.

**2. Brokers ⬤═88(3).**

Which of two persons claiming commissions was procuring cause of sale and brought parties together *held* for jury.

**3. Trial ⬤═194(11)—Instruction that acts of one employed to aid in selling land and discussing matter with buyer would be employer's acts held not on weight of evidence or based on false hypothesis.**

In action for commissions, instruction that, if plaintiff employed another to aid in selling land, and latter, pursuant to employment, discussed matter with buyer, with view to interesting him in purchase, such agent's acts would be those of plaintiff, *held* not erroneous, as on weight of evidence or based on false hypothesis.

**4. Principal and agent ⬤═92(1).**

It was not error to instruct jury that acts of one shown to be acting for broker suing for commissions would be latter's.

**5. Brokers ⬤═53.**

Broker, who was procuring cause of sale, is entitled to commission, though another broker or principal completed sale.

### On Motion for Rehearing.

**6. Trial ⬤═253(5) — Issues whether plaintiff called buyer's attention to land, discussed purchase with him, and induced him to look at it, held erroneous, as not submitting issue whether plaintiff or another procured purchaser.**

In action for commission, special issues whether plaintiff called buyer's attention to land, discussed purchase thereof with him, and induced him to come to county to look at with view of purchasing it, *held* erroneous, as not submitting issue whether plaintiff or another produced or procured purchaser.

**7. Trial ⬤═350(4)—Refusal to submit issue whether one made party, as claimant of part of commission sued for, was procuring cause of sale, held reversible error.**

In action for commission on sale of land, refusal to submit issue whether one, made party because of claim to part of commission, was procuring cause of sale, *held* reversible error.

Appeal from District Court, Uvalde County; R. H. Burney, Judge.

Action by J. W. Gilmer against Johnson & Allison, in which Frank Dismukes was made a party. Judgment for defendants, and Dismukes appeals. Reversed and remanded.

Ditzler H. Jones, of Uvalde, for appellant.

Guy S. McFarland, Will A. Morriss, Jr., and Will A. Morriss, all of San Antonio, and G. B. Fenley, of Uvalde, for appellees.

COBBS, J. Appellee J. W. Gilmer sued Johnson & Allison, appellees, to recover the sum of $1,000, alleged to be due him for his part of commissions on the sale of the tract of land known as the Homer Stone ranch, to which suit Frank Dismukes was made a party because of a claim made by him to a part of the commission, which was set up by him by cross-action herein. The case was tried with a jury upon special issues submitted by the court, and upon their favorable answers in behalf of appellees judgment was rendered thereon in favor of appellees. Only Frank Dismukes appealed therefrom.

This is a fact case to determine the claim of the parties as to who was the procuring cause of the sale of the land and who was entitled to the commission. Johnson & Allison were real estate dealers engaged in business at Uvalde, Tex., engaged in selling real estate and property as brokers on a commission basis. They had listed with them for sale the property known as the Homer Stone ranch and had agreed to pay Gilmer, appellee herein, one-half of their commission on the sale of the ranch in event he found a purchaser for said ranch. J. W. Gilmer was engaged in a similar brokerage business in Edwards county and had a mutual business agreement, whereby Johnson & Allison should furnish to him a list of property for sale. Appellee was to furnish them a similar list and they were to divide commission upon the sale of any of the listed property. So then the Homer Stone ranch was so listed with Gilmer, who, in pursuance of such agreement, procured a purchaser in the person of Edwin Dismukes.

[1] Frank Dismukes, the brother of Edwin Dismukes, claimed that he had a similar agreement with Johnson & Allison and claimed it was through his efforts that the sale was made, which entitled him to the commission instead of Gilmer. There is no reason why this court should go into and discuss the disputed facts, for their reconciliation is a jury question, and that has been done by the jury in this case.

[2, 3] The court submitted the issues plainly and fairly in his charge. At the request of appellee Gilmer the court gave the jury the following special instruction, being special charge No. 1:

"Gentlemen of the Jury: If you believe from the evidence that, while in Edwards county prior to the occasion of the visit of Edwin Dismukes to Uvalde county in question, the plaintiff, J. W. Gilmer, employed or engaged Bob Turner to aid him, the said Gilmer, in his efforts to sell the Homer Stone place in question to Edwin Dismukes, and that said Bob Turner thereafter, and before said Edwin Dismukes came to Uvalde on the occasion in question, pursuant to his em-

ployment, if any, by said Gilmer, discussed with said Edwin Dismukes the said Homer Stone place with the view of interesting the said Dismukes in the purchase of same, then the law is that the acts of said Bob Turner, if any, in such connection, and while so engaged, would be the acts of the plaintiff J. W. Gilmer.

"This charge, though given you at request of counsel for plaintiff, is given you by the court as part of the law of this case, the same as if embraced in the court's main charge, and you are to be governed thereby."

This charge is set out as error in appellant's propositions 8, 9, 10, 11, and 12, at length, in hæc verba, and a separate reason given in each proposition to its submission, not differing very much in each reason.

Frank Dismukes set out in his testimony sufficient facts to support his claim if the jury believed him. As explanatory of the reference to Bob Turner in the charge, it was shown by appellee Gilmer that he secured and paid for Turner's services to assist him in procuring Mr. Edwin Dismukes to buy the land as outlined in the court's charge and undisputed.

The issues of fact were plainly in evidence as to who was the procuring cause and who brought the parties together to make the contract, and it was squarely up to the jury to ascertain such fact. We do not think any reason assigned shows substantial error raised in any objection urged to the charge.

[4] It is undisputed that Johnson & Allison had the general agency to sell the land and that appellee Gilmer was authorized to procure a purchaser so that a binding contract might be made (Brackenridge v. Claridge & Payne, 91 Tex. 527, 44 S. W. 819, 43 L. R. A. 596), and it was for the jury to determine through whose instrumentality it was done. The charge was not on the weight of evidence and was not based upon any false hypothesis. There is no possible error in instructing the jury that the acts of Bob Turner, who was shown to be acting for Gilmer, would in law be the acts of Gilmer who employed him.

[5] Whatever were the activities of Frank Dismukes shown in this case, the broker procuring the cause of the sale is entitled to the commission, no matter if another broker or the principal takes up the matter and completes the sale; for the broker bringing the parties together who make a mutual and binding contract is entitled to the commission. Hahl & Co. v. Wickes, 44 Tex. Civ. App. 76, 97 S. W. 838; Wick v. McLennan (Tex. Civ. App.) 186 S. W. 847; Edwards v. Pike, 49 Tex. Civ. App. 30, 107 S. W. 586; Shaw v. Faires (Tex. Civ. App.) 165 S. W. 501; Shelton v. Cain (Tex. Civ. App.) 136 S. W. 1155; McKinney v. Thedford (Tex. Civ. App.) 166 S. W. 445; Fritter v. Pendleton (Tex. Civ. App.) 134 S. W. 1187; Smith v. Fowler, 57 Tex. Civ. App. 356, 122 S. W. 598; Culp v. Browne (Tex. Civ. App.) 235 S. W. 678; Bauer v. Crow (Tex. Civ. App.) 171 S. W. 296; McDonald v. Cabiness, 100 Tex. 615, 102 S. W. 721;

Hancock v. Stacy, 103 Tex. 219, 125 S. W. 884; Goodwin v. Gunter, 109 Tex. 60, 185 S. W. 295, 195 S. W. 848; Hamburger v. Thomas (Tex. Civ. App.) 118 S. W. 770; Eldridge v. Usry (Tex. Civ. App.) 273 S. W. 625.

We overrule appellant's eighteenth proposition as to the alleged misconduct of the jury. This question was presented to the trial court and evidence was heard thereon. Nothing was shown in regard to the complaint. The proposition is very general that the juror Sharp was not "a fair and impartial juror." There is no statement under this proposition presenting the cause of complaint. However, the court heard the evidence and settled that question against appellant and it will not be by us disturbed. Railway v. Ricketts, 96 Tex. 68, 70 S. W. 315; Little v. Birdwell, 21 Tex. 597, 73 Am. Dec. 242; Letcher v. Morrison, 79 Tex. 242, 14 S. W. 1010; Twichell v. Klinke (Tex. Civ. App.) 272 S. W. 286.

We have passed upon all the errors claimed and presented, and, finding no reversible error assigned, the judgment of the trial court is affirmed.

### On Motion for Rehearing.

[6] A careful examination and review of this case convinces us that the charge of the court as given does not clearly and definitely submit the true and real issue in the case. This was a fact case to determine which one of the claimants produced or procured the purchaser with whom the trade was consummated.

[7] Neither the general or special charges given present the issue in plain and concise terms. The charges given are rather confusing and complicated and do not present the real issue to ascertain the procuring cause. The special charges given by the court have the same vice. They are:

"Question No. 1. Do you find from the evidence in this case that some time before the 15th of May, 1925, in the town of Rocksprings, Edwards county, Tex., the plaintiff, J. W. Gilmer, called the attention of Edwin Dismukes to what is known as the Homer Stone ranch situated in Uvalde county, Tex., and discussed with him the matter of his purchasing the same? Answer 'yes' or 'no.'

"Question No. 2. Do you find from the evidence that as the result of the efforts of plaintiff, J. W. Gilmer, the said Edwin Dismukes was induced to come to Uvalde county, Tex., with the purpose, among other things, of looking at the said Homer Stone ranch with the view of purchasing the same? Answer 'yes' or 'No.' "

To cure this defect and to present the real issue, appellant presented three special issues on the same subject, either one of which or all of them should have been given.

Bearing in mind that the sole issue was as to who was the procuring cause of the sale and entitled to commission, the third special requested charge was:

"Was Frank Dismukes, the procuring cause of the sale of Homer Stone lands to Edwin Dismukes?"

An answer, either in the negative or the affirmative, would have disposed of the entire issue.

For the reasons given, the motion for a rehearing is granted, and our judgment is set aside, and the judgment of the trial court is reversed and set aside, and the cause is remanded for another trial.